RICHARD F. BOND & another *vs.* HUGH McKINNON.

Under a contract by which the master of a vessel, in behalf of the owners, hires a chronometer, of an agreed value, and promises to return the same to the owners within a certain time, "against all perils, accidents or misfortunes whatsoever, excepting only the act of God, and perils of the seas and accidental fires, and free from all claims or liens for salvage or general average, and all other claims or liens however arising," and which provides that in case the chronometer is not so returned the owners thereof may treat it as sold to the master and owners of the vessel, the latter are liable to the owners of the chronometer for its value, in case the vessel is lost, but the chronometer saved uninjured and held for salvage by a salvor.

CONTRACT upon an agreement with the plaintiffs, who were partners under the name of William Bond & Son, upon an agreement, the material portions of which are as follows :

" Whereas, the bark Rambler of Pictou, N. S., of which Duncan McKenzie is master, and Hugh McKinnon and others are

owners, now lying in the port of Boston, is in need of a chronometer for the necessities of her navigation, and Messrs. William Bond & Son, of Boston, at the request of said master, have furnished, for the use of said bark, a chronometer . . . . in good order and condition, the value of which is agreed to be two hundred dollars; now I, the said McKenzie, for myself, and in behalf of the owners of said bark, do promise to return said chronometer, in like order and condition, to said William Bond & Son, on or before ten months from this date, against all perils, accidents or misfortunes whatsoever, excepting only the act of God and perils of the seas and accidental fires, and free from all claims or liens for salvage or general average, and all other claims or liens however arising, and to pay them for the use thereof a rent of six dollars per month, payable monthly; and in case said chronometer is not so returned at the time specified, the master and owners are to assume all perils of the seas or fires thereafter, and the said William Bond & Son may then, or whenever thereafter they shall be required to make their election, treat said chronometer as sold to said master and owners, for the said valuation, or require the return of the same, and, in either case, may require the said monthly rent to the time of said sale or return." This agreement was signed, "Bark Rambler and Owners, by Duncan McKenzie."

It was agreed in the superior court that the chronometer referred to in the foregoing agreement was delivered to the master of said bark for her use; that within the ten months specified in the contract, said bark was abandoned and lost by perils of the sea, and paid for as a total loss, the chronometer being on board and there left when the bark was abandoned, but that the chronometer was not included in the insurance on said bark or cargo, and did not in fact go down with the bark, but was afterwards taken from her, apparently uninjured, by the master of another vessel who passed and boarded said bark before she sunk, and after she was abandoned; that the chronometer now exists in specie, apparently unimpaired in value and condition, and is held by the captor, who claims salvage thereon, but no salvage has been adjudicated, or proceedings had therefor; that

within the ten months named in the contract the defendant was notified of these facts by the plaintiffs, and was required to return the chronometer, but refused.

Upon these facts, judgment was ordered in the superior court for the plaintiffs, and the defendant appealed to this court.

*A. W. Boardman,* for the defendant.

*B. G. Gray,* for the plaintiffs.

BIGELOW, C. J. The interpretation of the contract into which the defendant entered is too clear to admit of debate. He took on himself all risk of injury to or loss of the chronometer, except such as might be caused by the act of God, perils of the seas and accidental fires. If it be admitted that under this exception the consequences of the perils therein specified, remote as well as immediate, were to fall on the plaintiffs, still it is clear that of these, all liens or claims for salvage, general average or arising from other causes, were expressly excepted out of the exception, and were to be borne by the defendant. This is the only construction which gives any effect to the stipulation that the defendant is to return the chronometer "free from all claims or liens for salvage or general average, and all other claims or liens however arising." If this clause does not apply to the excepted risks, the main portion of it can have no operation whatever, because claims or liens for salvage and general average can arise solely from the occurrence of the risks which are included within the exceptions. This shows the intent of the parties to have been that no claim or lien such as is specified in the contract, though remotely attributable to the excepted perils, should release the defendant from his obligation to return the chronometer. As it appears from the evidence that the chronometer is neither injured nor lost by means of any of the excepted perils, but is in good order and condition, being retained in the possession of a third party under a claim or lien for salvage, the conclusion is unavoidable that the defendant is liable in this action.

The counsel for the defendant founds his argument on a fallacy. The abandonment of the vessel to the underwriters and a consequent constructive loss of that subject of insurance, have

no bearing whatever on the rights of the parties under this contract. The loss of the vessel by perils of the seas did not necessarily involve the loss of the chronometer. Under a policy of insurance on the latter, no recovery for a loss could be had on the facts disclosed at the trial if the policy contained a clause that the article was free from any claim or lien for salvage which would include an allowance to salvors for saving the arti cle from loss. 2 Phil. Ins. § 1489. The two subjects of insurance would be regarded as distinct and independent of each other, and the rights of their respective owners would depend entirely on the terms of the contracts relating to each.

*Judgment for the plaintiffs.*